You're the next case on the calendar, Saunders. Jackson, I'm sorry, Jackson. He's the Court. My name is J. Alf Siavich, and I'm here on behalf of the appellant, Pernell Jackson. One thing I wanted to just note at the outset, as you know, is that there are prior panels that are, that may be addressing the very issue that we have before us. And in the normal course, we will see what they do, because if they resolve the issue, the principal issue that we have before us, we will, of course, be guided by that. Yes, Your Honor, and I think I've identified most of those panels in my Rule 28 letter, though I did inadvertently leave off a case that will be argued next month that has one of its issues also raises this question, though there are other questions in that case as well. We would be prior to that panel. Yes. I believe so, Your Honor. Last Friday, Mr. Jackson was released from BOP custody. He has now begun his two-year term of supervised release. One of the conditions that was imposed on him at the time he was sentenced was standard condition 12, which pertains to the notification of risk. As imposed, the language tracked USSG 5D 1.3c12 for the notification of risk condition. However, after this Court handed down its decision last January in the United States v. Bowles, that condition was amended to try to take into account the Court's rejection of the language in the condition. However, the condition as amended, which the government in other cases has recognized would apply to Mr. Jackson as well as some of these other cases, the probation officer is still given unfettered discretion in determining whether or not the appellant, Mr. Jackson, should be required to notify someone of the risk. Roberts. Is that a realistic interpretation? I mean, suppose we took the exact same words that are in the amended standing order and just put them in a different order and said the probation officer may require you to notify the person about the risk, and you must comply with that instruction if the Court so approves, if the Court determines that it's necessary to do that. Wouldn't the — where is the discretion? I mean, the way I imagine this happening in real life is the probation officer identifies something that he or she perceives as a risk and wants the person to notify the affected individual or company. They have to go to the Court and say, here's our evidence, here's our reasoning, this is why we think there's a risk, this is why we think that notification should happen. The judge says, sounds right to me, I agree. Yes, you may take three giant steps. Now, you're saying that that means that the probation officer is now — has unfettered discretion to not do what the officer went to all the trouble of compiling that record, making the application, going to the court, and asking leave of the court to do. At that point, it wouldn't be a — the probation officer may require you. At that point, the probation officer would be following the Court's discretion — excuse me, the Court's judgment that the risk should be — that notification is required. And that's the difference. Well, the judge didn't necessarily say it's required. The probation officer said, may I do this? And the judge said, yes, you may, because I think you're — the action that you propose to take is reasonable. So we're very concerned now, at this point, that the probation officer has unfettered discretion not to do what she came to the court to ask for leave to do? As written, we are not seeing the probation officer being required to go to the court to do this. We're seeing the probation officer on its own taking that action based upon the — the Court's judgment whether or not there is a risk involved. And the question becomes whether or not this will become a hindrance to employment for our clients or a hindrance to relationships with other people. I understand that it may be very troubling to have this notification have to happen, but the notification is only going to happen, is it not, after a judge determines that based on the various factors there is a risk? Yes. And the — and if you give me a little leeway for a moment and just let me reference my 28J letter in pointing out the cases, one of the purposes of doing that, besides reminding the Court that the issue is pending, is that there are different approaches that are being taken. And some of those questions that are being raised, though are notified of that this is even being done, whether or not this becomes a due-process violation, whether or not this should even be a standard condition or whether it should be a special condition of supervision, and when this determination should be made. As written and as raised in a couple of the cases, such as McCallum and Villaphon-Lazotta, the question becomes whether or not this even violates the 3553 factors, because the Court is determining at the point that, after the fact, rather than before, to see whether or not there is a risk that should be applied, and thus it should be a special condition. Now, I did not make that argument here. Admittedly, that is being raised in other cases, and it probably should be taken into consideration as to how it's being done and whether or not this becomes a violation of a defendant's due process rights as to what he knows he's prohibited from doing or what he's required to be doing, whereas we don't need to make any of those arguments. My arguments are the more basic as to this becomes a violation because it's giving the discretion to the probation officer to determine whether or not he should notify somebody. It's not that the Court is saying that someone should be notified. It's the probation officer who's making the determination based on the standard condition as applied. Roberts. Why isn't the fact that the district court has first made a determination of a risk, why doesn't that confine the discretion of the probation officer? Because the language still says, may require. It's not saying that if the court finds that there is a risk, you will be required to notify the person at risk and the probation officer can check on you. So it's not saying that the probation officer is going to just administer it. The probation officer is the one who's going to tell you whether or not you actually have to notify someone. But isn't the practical operation that the judge determines that there's a risk to person A, and that gives two options to the probation officer. One is to require the defendant to notify, as to which the judge has made the determination of risk, which is what we're really talking about, and enabled the probation officer to exercise his authority to require the notification. Or the probation officer, if he has discretion at all, and I take it he has some, is only to do something favorable to the defendant, that is, not to notify. So what's the harm? Because we don't know how this is actually going to be applied and how broadly this is going to be read. Does this become an employment restriction, whereas the probation officer will determine based on the offense that because a client may be working with funds, may be working as, let's say, a cashier at a fast food restaurant, and that this offense that he was, my client was convicted of, involved funds in some fashion, that there is the risk and so there should be some notification. Sure, I understand that. So that then becomes an employment restriction. In order for the probation officer to have any authority to do anything along these lines, under the amended standing order, there has to be first a determination by the judge that the risk, a risk exists to someone. Now, I could surely imagine, and I've had this situation myself many times, that there's a discussion at that point about, well, what's the risk? The person is going to be a cashier. The person is going to be digging ditches. Two totally different cases for somebody who's been convicted of a property crime. Right. Now, if I'm operating under this order and the probation officer comes in and says to me, the guy's working as a cashier and he's got two embezzlement convictions, I'm going to say there's a risk. And then the probation officer can do what he thinks appropriate. But I've told him that he's empowered to go tell the employer, to require the defendant to tell the employer. At that point, though, you're telling, the probation officer is then given, has been given the instructions that notification should be made. No. No, I've determined there's a risk. I mean, this is the way this thing works. On its face, anyway, I don't know what happens in Buffalo, but haven't known that for a long time. But in any case, the judge will have made the call about the risk. And the probation officer can either act pursuant to the authority thus granted, or decide, well, notwithstanding what the judge has done, I have the final opportunity not to require notification. And I'm not going to require it. So how is the defendant aggrieved? Because the defendant still doesn't know how this is going to be applied to him. The defendant may not even know that there's been this discussion between the probation officer and the court. I take that point. I understand that point. That's it. And the question then becomes, how does the client then try to correct this problem, this fact that he's being told by his probation officer to either notify or not notify? That, I'm afraid, gets into the arguments some of these other cases have raised. I'm sorry for going there. Breyer. Again, that's not the point you're making. As Chief Judge Katzman said at the outset, this case could become not moot, but resolved by something that some other panel decides, right? And if another panel decides this whole standing order has to be struck down for some other reason, like there should be some provision in it for a due process that first the fellow gets notified that this is under contemplation, and then this decision that the court makes in consultation with the probation officer needs to have come after a hearing, something like that, if the court decides that, it's out. If the court decides that to reject that argument and says this is fine on that ground, one way or another, we may have to resolve the issue that you've actually put to us, which is the one of the unguided discretion. And do I understand correctly that your argument is that the key defect here is that after the judge decides, assuming for our purposes that the judge's decision complied with due process, that the officer may require notification, not in general whenever he finds that there's a risk, but with respect to a particular person, which I take it is what this says. The judge has decided there's a risk to a particular person. Probation officer, you may require the probationer to make that notification. That the fact that the officer also has the opportunity to say, you know what, on reconsideration, not just to himself, on reconsideration, not really worth doing. I'm not going to require that to happen. That option renders this an improper? Correct, Your Honor. Yes, Your Honor. That is my argument. Thank you. Thank you, Your Honor. You'll have two minutes for rebuttal. Good morning. May it please the Court. Catherine Gregory, assistant U.S. attorney representing the United States in this matter. As counsel noted at the outset, and as Judge Katzmann, you're aware, this is the, I believe, fifth panel to review the standing order in the Western District of New York, and as counsel mentioned, this brief does not raise some of the constitutional or due process or vagueness claims that were raised in some of the other briefs. Here, the only question is whether it is an improper delegation to the probation office, and it's our position that the Western District's standing order strikes the right balance between ensuring a probation officer does not become a judge, and ensuring that judges are not probation officers, micromanaging the defendants. Here, you know, I just... Well, why, looking at the reading of the language, why isn't the natural reading of the phrase, may require, why isn't that, why doesn't that mean that once the probation officer has discretion, whether to require notification? The ultimate decision-making authority over the defendant's liberty interest remains with the court, and that comes from the very first clause, which is if the court determines that you pose a risk of committing further crimes. And it's limited. You can see even just with the wording, the probation officer may require you to notify the person. So from that reading... What does may require mean to you? May require. It means... May require means you don't have to do it. It means may, Your Honor. It means you're correct. It means may or may not. However, some delegation is permitted, as I mentioned. Judges can't micromanage. They can't do the day-to-day of every single post-release supervision here, and that's recognized in this Court's precedent, in Mott. But, you know, this is, I'm not sure this has to be decided to decide this case.  But, Your Honor, to the trouble of considering with the probation officer whether there is a risk to a particular person of the defendant being out there and not notifying that person. Why shouldn't the judge then say, notify him, or not? What's the big deal? It's not micromanaging anything. That might be best practice, Your Honor, respectfully. You know, the Western District drafted this language. The U.S. Attorney's Office did not. But our position is that some delegation is permissible. And while that may be best practice, if it was that clear, it's not necessary under the case law that the judge... I'm still having trouble understanding that this is any kind of real issue in any kind of real universe, because the judge isn't making this decision on her own in some mystical way, conceiving that maybe it's worth my thinking about whether there is a risk to somebody. This is only going to happen when the probation officer comes in and asks for permission. Right? I mean, the probation officer goes to the court and says, basically, I want to require this person to notify his employer of X, Y, Z. And the judge says, really, why do you want that? And the officer lays out the case for doing it. The judge considers and then gives permission. Now, I suppose the fact that the judge gives permission rather than a direct order means that at some level the judge is authorizing some exercise of discretion. But we wouldn't be there if the probation officer hadn't come and specifically asked for that permission to require this notification at this time of this person. And if in one in a thousand cases, when the officer goes and talks to the probationer who then makes a heartfelt plea and explains how he really needs this job and he's really determined to reform himself, and the probation officer says, gee, okay, I'll give you one shot, maybe even against my bare judgment. I'm not going to require you to give that notification. That's what we're worried about? That the probation officer is going to do that once in a while? And that makes the whole system unconstitutional or in violation of statute? It just makes me as totally weird in real life as to what's going to happen. And that kind of consultation with probation is obviously contemplated by the language in that very first sentence that the court determines in consultation with your probation officer. So, Judge, you're correct that that's exactly what the district court is at least contemplating will happen. Are we really worried about something else? Suppose the probation officer goes to the judge and says, Judge, this defendant has been convicted of embezzlement twice. And I want authority to notify any future employer who would employ him in a position that would give him access to cash or to a checking account or result in his being entrusted with dispositive power in respect of money. Does that ever happen in the Western District? I can't speak to whether it ever happens. I don't know the entire universe of cases. However, I can say that under the new language, the district court is the one determining whether you pose a risk of committing further crimes against another person, right? And then the probation officer may require you to notify the person, not any person, not all persons, but what? But it's against another person, and then the notification is authorized with respect to, as you say, the person. Yes. So the at least as I would read this language, it does not authorize the probation officer to go to the judge and say the day after this standard condition is applied. By the way, I want a standing permission to require the probationer to notify anybody who falls within some very broad category whenever I think it's appropriate. That's correct, Your Honor. And I know how much everyone loves grammar, but just looking at the article, I think it's pretty facially explanatory that the, you know, the person is referring back to the person or organization, that the district court, the district court has determined you pose a risk of committing further crimes against. So probation could certainly ask any, but this standing order regarding the risk notification doesn't give that kind of unfettered discretion, which is the concern in Bowles, to the probation officer. It's just not there. Again, the ultimate decision-making authority here resides with the district court, and some details over and over again are left to probation officers. For example, picking an approved program, drug treatment program, mental health program off a list, certain execution of the conditions, oversight reporting, this Court has held that that kind of discretion or, excuse me, that kind of delegation is permissible. It becomes a problem when there is a significant liberty interest at stake, such as the probation officer having discretion over whether the defendant has to go into an inpatient treatment program, like the case in, I believe, Mata and I believe that might have been Peterson. But here there is no significant liberty interest that the probation officer has authority over under this new language. The Court is making those determinations. And unless the panel has any further questions. Thank you. If I may, I'll try to answer your question that you initially posed during the government's argument. And I think the answer to that really goes to the questions raised in some of these other cases, particularly McCallum and Villefane-Lozada, as to whether or not this should be a special condition or a standard condition. And I think the real question becomes, if the Court starts looking at this as a special condition that they have to consider, taking into the 3553 factors at the time that they were imposing the condition, I think we wouldn't have any problems. And then it would become very clear to the defendant as to what the defendant must do to comply with the condition and would eliminate any problems that arose with the language giving it discretion. The probation officers wrote what I'm puzzled. Are you saying that if it were determined that this condition could only be imposed as a special condition, that this very language would no longer be problematic if it was imposed as a special condition with respect to Defendant Jones, who is thought to be potentially a general threat to anyone or to someone? Well, I think once the Court is making this determination as a special condition, we start to remove this language of the probation officer may require. Oh, so you're saying, so if that, if it's a special condition, it still would have to not be worded this way. Correct, Your Honor. Yes. The probation officer's role in overseeing a client of ours that's on supervised release is to administer the court's orders, to make sure that the client is following and complying with the directions of the court. It's not supposed to be the probation officer on its own making distinctions and then determining whether or not the client must comply. And that's how we start to see the way this standard condition reads. Can you give an example? Can you give examples in your experience where the scenario has played out, where the court has said there is a risk and your client or a client that you know of has lived in some sort of uncertainty where there's some sort of harm, going back to Judge Kaplan's question? I know that we had a problem in Peterson, and Peterson was one of our clients going back, and the condition there was viewed as a employment, basically an employment restriction. Otherwise, I don't have an example off the top of my head, in all honesty, Your Honor. And I'd have to go back and go through some of our prior cases for that. But I think that what you're saying is that, with respect to Judge Kaplan's earlier question, that the only possible option that the probation officer has, the option not to do what the court has authorized is benevolent, is that, well, benevolent or not, if you put the probation officer in the position where the probation officer is making the ultimate decision, then the probation officer has a power over the probationer that the probation officer ought not have. Is that correct, Your Honor? Yes. If the court determines that, a determination that there is a risk is not a determination that's going to be made lightly. And if there is a real risk and a true risk, the court should make that distinction, and then it should be followed. Now, benevolent or or you're saying that the, what you would prefer and your clients would prefer and what you think is the fairest outcome is that the next iteration after this Court strikes down this version of the special condition, assuming it's even become a special condition, should say if after consultation the judge decides the risk, the court may direct the probation officer to require the person to notify. I think if it starts, if it goes to the point where this becomes a special condition, then it would become much clearer as to whether or not we are challenging this.  But if it's a special condition, but it's still this condition, then the judge has made a prior determination that this particular person, not just all probationers or supervised releasees, should be subject to this condition. But then it's still this condition, whether it's somebody as to whom it was decided that it's appropriate to have this condition or not. And I take it you told me before that your position at least would still be that this condition as written should not be imposed on anyone as special or as general  Yeah. Verrilli, It still needs to be amended. It may be amended. Kennedy, And the amendment would be to say that if the judge decides there's a risk, the judge may direct notification. Verrilli, Yes. And that the probation officer would then make a decision. Kennedy, Mr. Verrilli, just the messenger to bring the word to the supervised releasee that the judge has decided you have to notify your manager at McDonald's  Verrilli, Correct. Yes. Now, what's interesting is that since Bowles and since we started raising these questions, there have been instances where the judge has decided not to impose this condition. So in some cases they have rejected it and have kept it in. Other cases they have left it out. So we're trying to move in that direction, but it hasn't fully gotten there. Roberts, Thank you. Verrilli, Thank you, Your Honor. Roberts, Thank you both for your arguments. The court will reserve